UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELEANOR GRAPHIA                                    CIVIL ACTION

VERSUS                                             NO: 07-0558

BALBOA INSURANCE COMPANY, ET                       SECTION: "R"(1)
AL.

## ORDER AND REASONS

Before the Court is the joint motion of defendants Balboa Insurance Company and Meritplan Insurance Company to dismiss plaintiffs' claims for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court GRANTS defendants' motion to dismiss.

## I.   BACKGROUND

Plaintiff, Eleanor Graphia, sued Balboa Insurance Company in state court on August 29, 2006. On October 23, 2006, plaintiff amended her petition to add Meritplan Insurance Company as an additional defendant. (R. Doc. 1-3, at 35). Plaintiff alleges

that she contracted with these insurance companies to insure her property for all hurricane related damages, and they failed to pay for the extensive damage Hurricane Katrina caused to her property.  She claims damages for loss of use of the property, loss of enjoyment of the property, and for the diminution in value of her property.  She also asserts claims for intentional infliction of emotional distress, statutory penalties, and attorneys' fees.

Financial Freedom Senior Funding Corporation holds a mortgage on plaintiff's home.  Plaintiff alleges that in March of 2005, her homeowner's insurance lapsed while she was in the hospital, and Financial Freedom obtained insurance on her home with Meritplan Insurance Company.  Plaintiff states that she will ultimately be responsible for reimbursing Financial Freedom for the insurance premiums it pays Meritplan.

In September of 2005, plaintiff contacted Meritplan about the damage Hurricane Katrina caused to her property.  A month later, Meritplan issued Financial Freedom a check for $21,945.50 for the damage.  Meritplan issued a supplemental payment of $1,967.35 in February 2006 to Financial Freedom for roof repairs to plaintiff's property.  In June of 2006, plaintiff notified Meritplan that she could not complete the necessary home repairs within the estimates Meritplan provided.  She filed this lawsuit

in August of 2006.

Balboa removed the case to this Court on February 1, 2007. Plaintiff moved to remand, and the Court denied plaintiff's motion on March 27, 2007. (R. Doc. 16). Balboa and Meritplan now move to dismiss all of plaintiff's claims against them, asserting that plaintiff has no standing to bring these claims because she is not a named insured, an additional insured, or a third-party beneficiary under the insurance policy. The Court addresses these arguments below.

## II. LEGAL STANDARD

Defendants move to dismiss plaintiff's claim for lack of jurisdiction and failure to state a claim upon which relief can be granted. Defendants argue that plaintiff is not an insured under the policy, which is actually a challenge to the merits of plaintiff's claim. The Court will therefore review the merits of plaintiff's action under Rule 12(b)(6). *See Montez v. Dept. of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (citing *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)) ("where issues of fact are central both to subject matter jurisdiction and the claim on the merits, we have held that the trial court must assume jurisdiction and proceed to the merits").

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor. *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Still, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Twombly*, 127 S. Ct. at 1965). And while a complaint need not contain "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, it must include more than mere "labels and conclusions." *Twombly*,

127 S. Ct. at 1964-65.

**III. Discussion**

    **A.    Balboa**

Balboa Insurance Company contends that it never issued an insurance policy insuring the plaintiff's property. Balboa is a sister company of Meritplan, and both companies operate under the trade name Balboa Insurance Group. In her opposition, plaintiff agrees that dismissal of Balboa is appropriate. Accordingly, the Court grants defendants' motion to dismiss as to Balboa Insurance Company.

    **B.    Meritplan**

Defendants next argue that plaintiff does not have standing to bring any claims against Meritplan for benefits under the insurance policy because plaintiff is not a named insured, an additional insured, or a third-party beneficiary under the policy. The parties apparently agree that the insurance contract is governed by Louisiana law. To determine if Graphia is an insured under the policy, the Court must examine the insurance policy itself. Under Louisiana law, an insurance policy, like other contracts, is the law between the parties. *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). If the policy wording is clear, and it expresses the intent of the parties, the

agreement must be enforced as written. *Id.*  The policy must be construed as a whole, and one portion should not be construed separately at the expense of disregarding another. *Id.*  If an ambiguity exists, the ambiguity must be construed in favor of the party seeking coverage. *Id.*  The Court may not alter the terms of the policy under the guise of contract interpretation when the language of the policy is unambiguous. *Id.*

The Court finds that the Master Policy is unambiguous.  The policy states that the named insured is Financial Freedom Senior Funding Corporation. (R. Doc. 23-4 at 3).  Plaintiff is not a named insured under the policy.

Concerning whether plaintiff is an additional insured under the policy, the Master policy provides in relevant part:

> The BORROWER shall be considered an additional insured with respect to any residual amounts of insurance over and above YOUR insurable interest.

(Rec. Doc. 23-4 at 5).  The parties dispute whether plaintiff is an additional insured under the policy.  The policy limit is $132,000. (Rec. Doc. 23-7 at 1).  Defendants present the affidavit of Larry Willeford, Vice-President of Claims for Meritplan, stating that as of June 21, 2007, plaintiff owed Financial Freedom $132,000.09. (Rec. Doc. 23-14 at ¶ 12).  Plaintiff presents her own affidavit stating that she owes approximately $110,000 on her mortgage. (Rec. Doc. 24-2 at ¶ 21).

Plaintiff argues that because there is a $22,000 difference between Financial Freedom's insurable interest in the property and the policy coverage, she is an additional insured under the policy, with a $22,000 interest in the policy limits. Defendants counter that even if plaintiff owes only $110,000 on her mortgage, a fact they do not admit, there are no residual benefits that exist so plaintiff's interest in the policy is not implicated.

Even if the Court accepts plaintiff's affidavit regarding her loan balance, plaintiff's claimed damages, $56,542.91, are less than the $110,000 loan balance. Hence, no residual amounts of insurance are triggered in this case. (R. Doc. 28-2 at 3). The Louisiana Amendatory Endorsement additionally includes the following language:

> WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds YOUR insurable interest, WE will pay the BORROWER any residual amount *due for the LOSS*, not exceeding the Limit of Liability indicated on the EVIDENCE OF INSURANCE.

(Rec. Doc. 23-5 at 11) (emphasis added). There is no amount "due for the loss" that exceeds Financial Freedom's insurable interest. *See also American General Fire & Casualty Co. v. Reese*, 853 F.2d 370, 373 (5th Cir. 1988) (in a policy intended for the benefit of the mortgagee, proceeds of any insurance payments go first to the mortgagee; the excess, if any, is paid

to the mortgagor); *Riley v. Transamerica Ins. Group Premier Ins. Co.*, 923 F. Supp. 882, 887 (E.D. La. 1996), *aff'd*, 117 F.3d 1416 (5th Cir. 1997) (finding that because plaintiff's damages were at most $60,000 and the mortgagee's insurable interest was approximately $105,000, even if plaintiff had any insurable interest, it was secondary to the mortgagee's interest and therefore not implicated).

Finally, defendants assert that plaintiff is not a third-party beneficiary under the policy.  Under Louisiana law, a contract for the benefit of a third party is commonly referred to as a stipulation *pour autrui*. *Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1211 (La. 2006). In *Joseph*, the Supreme Court of Louisiana held that there are three criteria for determining whether contracting parties have created a stipulation *pour autrui*:

> 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee.

*Id*. at 1212.  The Court also held that "if the contract must be in writing, then the stipulation *pour autrui* must also be in writing." *Id*. at 1215 n.13 (citation omitted).

The Court finds that plaintiff is not a third-party beneficiary of the contract with respect to her claimed losses.

The contract does manifest a clear intention to benefit Graphia, but only to the extent that she has an insurable interest in the property.  The contract evidences no intent to give plaintiff personal rights in the insurance coverage for losses that do need exceed the mortgagee's insurable interest.

Plaintiff cites *Albert v. Cuna Mutual Ins. Society*, 255 So. 2d 170 (La. App. 1971), as support for her argument that the insurance contract, which insures her home, is primarily for her benefit. In *Albert*, the court held that plaintiff was an insured under a group policy that a credit union issued "to insure [plaintiff] against loss in the event of death or disability." The court held that plaintiff could also enforce the contract as a third-party beneficiary because the policy was "primarily for [his] benefit." *Id*. at 173.  In contrast to *Albert*, the benefit to plaintiff in this case, that her property is insured, is purely incidental to the contract between Meritplan and Financial Freedom.  The unambiguous language of the contract demonstrates that Financial Freedom is interested only in protecting its insurable interest in the mortgaged property.  (Rec. Doc. No. 23-4 at 6) ("Coverage under this Master Policy is provided for a specific PROPERTY at YOUR request, based upon YOUR belief that no other insurance acceptable to YOU is in force covering YOUR interest in the subject PROPERTY").  The policy clearly precludes

other coverages that a homeowner's policy typically includes. (Rec. Doc. No. 23-4 at 3) ("No coverage is provided for contents, personal effects, additional living expense, fair rental value or liability."). The contract does not manifest an intent to benefit plaintiff for her claimed losses. *See also Harrison v. Safeco Ins. Co. of America*, 2007 WL 1244268 (E.D. La. 2007) (holding that plaintiffs were not third-party beneficiaries of insurance policies their mortgage companies placed on their properties).

The Court recognizes that plaintiff does, in conjunction with Financial Freedom, have some duties under the contract. These include reporting to the insurer when there is a loss and protecting the property from further damage. (R. Doc. No. 23-4 at 11). These duties do not, however, convert plaintiff into a named insured, an additional insured, or a third-party beneficiary of the insurance contract. *See Joseph*, 939 So. 2d at 1214 (finding that even though a contract between a medical corporation and hospital placed certain obligations on doctors, "there was no benefit provided in the contract directly to the doctors that they could demand").

Because plaintiff is not a party covered under the Master Policy with respect to the losses at issue, the Court grants defendants' motion to dismiss as to plaintiff's claims for breach

of contract and bad faith under La. R.S. §§ 22:658 and 22:1220. *Riley*, 923 F. Supp. at 887; *Woodruff v. State Farm Ins. Co.*, 767 So. 2d 785, 788-89 (La. Ct. App. 2000). Plaintiff's claims against Meritplan for loss of use and for the diminution in value of her property are likewise dismissed. Plaintiff has no standing to bring these claims, and they are not covered by the insurance policy in any event. (Rec. Doc. No. 23-4 at 3).

Plaintiff does not oppose defendants' motion to dismiss plaintiff's claim for the intentional infliction of emotional distress. As plaintiff is not covered under the policy for the losses at issue, there is no basis for her claim of intentional infliction of emotional distress arising out of the defendants' adjustment of the insurance claims on her property.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED.

New Orleans, Louisiana, this 28th day of September, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE